UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. RESTIVO, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00797-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS<br><br>(ECF NO. 1)<br><br>THIRTY-DAY DEADLINE |

Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on June 8, 2020. (ECF No. 1). Plaintiff alleges that he submitted his complaint to be filed on May 25, 2020. (Id. at 25). The incidents alleged in the complaint occurred in 2013. Thus, based on the face of the complaint, it appears that Plaintiff most, if not all, of Plaintiff's claims are barred by the statute of limitations. Accordingly, the Court will order Plaintiff to show cause why this action should not be dismissed as barred by the statute of limitations.

I. **APPLICABLE LAW**

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.

The statute of limitations can be tolled for various reasons.[1]  Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law.  Jones v. Blanas,  393 F.3d 918, 927 (9th Cir. 2004).

Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness."  Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted).  Under California law, there is a "three-pronged test for invocation" of the equitable tolling doctrine: "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim."  Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983) (footnote omitted); Addison v. State of California, 21 Cal. 3d 313, 319 (1978); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1133 (9th Cir. 2001) (*en banc*).  "Application of California's equitable tolling doctrine 'requires a balancing of the injustice to the plaintiff occasioned by the bar of his claim against the effect upon the important public interest or policy expressed by the … limitations statute.'"  Jones, 393 F.3d at 928 (quoting Lantzy, 31 Cal. 4th at 371)).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'"  McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)).  See also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

---

[1] Due to the COVID-19 pandemic, in California "the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020," and "the statutes of limitations and repose for civil causes of action that are 180 days or less are tolled from April 6, 2020, until August 3, 2020."  California Rules of Court, emergency rule 9.  It is not clear that this California rule would apply to this federal action.  However, even if this tolling applies to cases filed in federal court, the additional tolling does not appear to be relevant in this action.

Additionally, California Code of Civil Procedure § 352.1(a) provides: "If a person entitled to bring an action … is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues is a question of federal law, conforming in general to common-law tort principles.  That time is presumptively when the plaintiff has a complete and present cause of action…." McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (citations and internal quotation marks omitted).

"There is not a complete and present cause of action to bring a fabricated-evidence challenge to criminal proceedings while those criminal proceedings are ongoing.  Only once the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*, *see* 512 U.S. at 486–487, 114 S.Ct. 2364, will the statute of limitations begin to run."[2]  McDonough, 139 S. Ct. at 2158 (footnote, citation, and internal quotation marks omitted).

However, "where … a § 1983 claim accrues pre-conviction, the possibility that *Heck* may require dismissal of that not-yet-filed, and thus utterly indeterminate, § 1983 claim, is not sufficient to trigger tolling under California Code of Civil Procedure § 356.  In such circumstances, it is not known whether the claim is barred by *Heck* until the claim is filed and the district court determines that it will impugn an extant conviction.  Until that determination is made, a plaintiff is not legally prevented from taking action to protect his rights."  Mills v. City

---

[2] In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  This "favorable termination rule" preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of confinement or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  Muhammad v. Close, 540 U.S. 749, 750-751 (2004).  Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

3

of Covina, 921 F.3d 1161, 1168 (9th Cir.), cert. denied sub nom. Mills v. City of Covina, California, 140 S. Ct. 388, 205 L. Ed. 2d 219 (2019) (internal quotation marks omitted).

## II.  ANALYSIS

It appears that some of Plaintiff's claims accrued when the incidents occurred in 2013, including Plaintiff's Eighth Amendment claims for inadequate medical care, lack of exercise, and excessive force.[3]  Thus, even if Plaintiff is not serving a life sentence, it appears that these claims should have been brought in 2017 at the latest, and are thus barred by the statute of limitations.

As to the claims which arguably did not accrue until Plaintiff received a favorable termination, it appears that Plaintiff received a favorable termination on January 21, 2016, when a jury allegedly acquitted Plaintiff of all charges.  However, Plaintiff alleges that he submitted his complaint on May 25, 2020, which is over four years after the date of the alleged favorable termination.  Thus, it appears that these claims are time-barred as well.

## III.  ORDER

As it appears from the face of the complaint that most, if not all, of Plaintiff's claims are time-barred, it is HEREBY ORDERED that, within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why this action should not be dismissed because Plaintiff's claims are barred by the statute of limitations.

IT IS SO ORDERED.

Dated:  **June 15, 2020**                    /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

---

[3] A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20.  Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2).  While the Court is not ruling on the issue at this time, it appears that Plaintiff's complaint includes unrelated claims.  If Plaintiff is permitted to proceed notwithstanding the statute of limitations, he may be required to amend his complaint to comply with Federal Rules of Civil Procedure 18 and 20.