UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>  Plaintiff,<br><br>  v.<br><br>A. RESTIVO, et al.,<br><br>  Defendants. | No.  1:20-cv-00797-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 1, 10) |

Plaintiff Devonte Harris is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2020, the assigned magistrate judge entered findings and recommendations, recommending that "[t]his case proceed on Plaintiff's retaliation claims against defendants Levan and Restivo; Plaintiff's section 1983 malicious prosecution claims against defendants Levan and Restivo; and Plaintiff's *Devereaux* claims against defendants Levan, Reynolds, and Restivo," and that "[a]ll other claims and defendants be dismissed."  (Doc. No. 10 at 20–21.)  Plaintiff was provided an opportunity to file objections to the findings and recommendations within twenty-one (21) days after service.  (*Id.* at 21.)  On October 22, 2020, plaintiff requested an extension of time to file his objections and simultaneously filed objections.  (Doc. Nos. 12, 13.)  Although plaintiff's request and objections were filed past the deadline for

1

the filing of objections, the court nevertheless grants plaintiff's request and addresses each of his objections in turn below.

Plaintiff first objects to the magistrate judge's recommendation that claims four, thirteen, fourteen, fifteen, sixteen, and seventeen—all of which are based on the Eighth Amendment—be dismissed as time barred. (*See* Doc. No. 13 at 1–2.) The magistrate judge found that these claims accrued in 2013 and that they are "not based on false disciplinary reports or false criminal charges." (Doc. No. 10 at 15.) As to whether plaintiff was entitled to tolling of the applicable statute of limitations with respect to these claims, the magistrate judge explained:

> Plaintiff alleges that he submitted his complaint to be electronically filed on May 25, 2020. This is approximately seven years after the claims accrued. Even assuming that Plaintiff is entitled to a four-year statute of limitations period, Plaintiff missed his deadline by approximately three years. There is nothing in Plaintiff's complaint, or in his response to the order to show cause, that suggests that Plaintiff is entitled to approximately three years of equitable tolling.

(*Id.*)

Plaintiff argues that he is entitled to tolling of the applicable statute of limitations with respect to his Eighth Amendment claims under California Government Code § 945.3 ("§ 945.3"), which applies to actions brought by persons charged with a criminal offense "against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged." More specifically, that statute states that "[a]ny applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." Cal. Gov't Code § 945.3. Additionally, plaintiff relies on the Ninth Circuit's recent decision in *Lockett v. County of Los Angeles*, in which the court held that § 945.3 "tolls a civil action when the 'but for' cause of the claim is the 'conduct of the peace officer.'" 977 F.3d 737, 741 (9th Cir. 2020). Accordingly, plaintiff contends that his Eighth Amendment claims stem from defendant Restivo's false indecent exposure accusation, which was "a logical condition to" the actions taken by the named defendants. (Doc. No. 13 at 4–5.) For example, plaintiff alleges that defendants Carranza and Bonilla used excessive force against him because of Restivo's allegedly false accusation, "illustrating a clear but-for causal relationship." (*See, e.g.*, *id.* at 4.)

2

Even if this court were to adopt plaintiff's reasoning, under § 945.3, the statute of limitations is tolled only while the "criminal charges are 'pending' until the date of judgment." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (citing *McAlpine v. Super. Ct.*, 209 Cal. App. 3d 1, 3 (1989)). Here, plaintiff was acquitted by a jury of all charges on January 21, 2016. From that date, plaintiff had two years to initiate this lawsuit but waited another two years before filing his complaint on May 25, 2020. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (applying California's two-year statute of limitations for personal injury actions to § 1983 claims). Furthermore, even if the court used plaintiff's preferred date of May 2, 2017, when the reports related to the matter were removed from his central file, he still failed to timely file the present complaint within the two-year period. Therefore, the court agrees with the conclusion reached in the pending findings and recommendations that plaintiff's claims four, thirteen, fourteen, fifteen, sixteen, and seventeen are barred by the statute of limitations.

Plaintiff also objects to the magistrate judge's recommendation that his Fourteenth Amendment equal protection claim against defendant Reynolds be dismissed because "Plaintiff has not alleged that he is a member of a protected class, or that he was intentionally treated differently from similarly situated individuals."[1] (Doc. No. 10 at 20; *see* Doc. No. 13 at 6–8.) Plaintiff contends that "Defendants violated his right to equal protection under class of one theory," that "the appropriate reference group encompassed all inmates housed at CSP-Corcoran during the relevant period," and that he is similarly situated to "[a]ll California inmates . . . in their fundamental right to be free from official retaliation." (Doc. No. 13 at 6–7.) "Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal protection 'class of one' claim by demonstrating that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis." *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Here, plaintiff has not alleged any facts showing that

---

[1] Plaintiff appears to object only to the dismissal of his Fourteenth Amendment equal protection claim against Reynolds. (*See* Doc. No. 13 at 8 (referring only to his sixth claim).)

defendant Reynolds intentionally treated him differently than other similarly situated persons without a rational basis. *Compare Chappell v. Bess*, Case No. 2:01-cv-01979 KJN P, 2012 WL 3276984, at *21 (E.D. Cal. Aug. 9, 2012) (finding plaintiff was intentionally and irrationally "singled out" when he refused to sell drugs on behalf of correctional officer who then "retaliated against plaintiff by planting evidence on him and conducting a staged search of plaintiff, pursuant to which defendants 'found' the planted evidence, which led to unwarranted administrative and criminal proceedings against plaintiff and his prolonged detention in administrative segregation."). The court thus agrees with the conclusion reached in the pending findings and recommendations that plaintiff failed to state a cognizable equal protection claim against defendant Reynolds.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly,

1. Plaintiff's request for extension of time to file objections (Doc. No. 12) is granted;
2. The findings and recommendations issued on September 10, 2020 (Doc. No. 10), are adopted in full;
3. This case shall proceed on plaintiff's retaliation claims against defendants Levan and Restivo; his § 1983 malicious prosecution claims against defendants Levan and Restivo; and his *Devereaux* claims against defendants Levan, Reynolds, and Restivo;
4. All other claims and defendants are dismissed;

/////
/////
/////
/////
/////

4

5.     The Clerk of Court is directed to reflect the dismissal of all defendants on the court's docket, except for defendants Levan, Restivo, and Reynolds; and

6.     This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 25, 2021**

                                                                   UNITED STATES DISTRICT JUDGE