UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVONTE B. HARRIS,

        Plaintiff,

    v.

A. RESTIVO, et al.,

        Defendants.

Case No. 1:20-cv-00797-JLT-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED IN PART AND DENIED IN PART

(ECF No. 36)

OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS

## I.    INTRODUCTION

Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's retaliation claims against defendants Levan and Restivo; his section 1983 malicious prosecution claims against defendants Levan and Restivo; and his <u>Devereaux</u> claims against defendants Levan, Reynolds, and Restivo.[1]  (ECF Nos. 1 & 14).[2]  The retaliation and malicious prosecution claims are proceeding based on allegations that defendants Levan and Restivo falsely accused Plaintiff of indecent exposure in retaliation for filing appeals.  As to the retaliation claim against

---

[1] Based on Defendants' filings, defendants Levan and Restivo have changed their last names.  Defendant Levan's last name is now James, and defendant Restivo's last name is now Badger.  (<u>See, e.g.</u>, ECF No. 26, p. 1). Given that Plaintiff's complaint, the Court's screening order, the docket, and Plaintiff refer to these defendants as Levan and Restivo, in the interest of continuity, at this time the Court will continue to refer to these defendants as Levan and Restivo.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

defendant Levan, Plaintiff also alleges that she repeatedly failed to provide him with medication that he was supposed to receive.  Plaintiff's <u>Devereaux</u> claim is proceeding based on Plaintiff's allegations that he was subjected to false disciplinary reports and false criminal charges due to deliberately false allegations made by defendants Levan, Reynolds, and Restivo.

On December 10, 2021, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies as to all claims.  (ECF No. 36).  On January 21, 2022, Defendants filed a notice of errata, withdrawing their motion to the extent it asserts that Plaintiff failed to exhaust his claim that defendant Levan filed a false disciplinary report against Plaintiff on February 27, 2013, in retaliation for Plaintiff submitting a previous appeal.  (ECF No. 40).  "Defendant Levan (James) continues to assert that Plaintiff failed to exhaust his claim for malicious prosecution, and Defendants Restivo (now Badger) and Reynolds continue to assert that Plaintiff failed to exhaust an available administrative remedy with respect to the claims asserted against them."  (<u>Id.</u> at 2). On March 17, 2022, Plaintiff filed his opposition.  (ECF No. 45).  On March 28, 2022, Defendants filed their reply.  (ECF No. 46).

The Court finds that Defendants' motion should be granted in part and denied in part. As to Plaintiff's retaliation claims against defendants Levan and Restivo, the Court will recommend that the motion be denied (to the extent it was not withdrawn) because Defendants now admit that Plaintiff exhausted these claims.  As to Plaintiff's section 1983 malicious prosecution claims and <u>Devereaux</u> claims against defendants Levan and Restivo, the Court will recommend that the motion be denied because Plaintiff properly exhausted these claims. Finally, as to Plaintiff's <u>Devereaux</u> claim against defendant Reynolds, the Court will recommend that the motion be granted because neither appeal[3] filed by Plaintiff was sufficient to alert the prison to a problem regarding the conduct of defendant Reynolds.

\\\

\\\

---

[3] An appeal is also referred to as a grievance or a 602.

2

1

## II.     CLAIMS AT ISSUE

2          This case is proceeding on Plaintiff's retaliation claims against defendants Levan and

3   Restivo; his section 1983 malicious prosecution claims against defendants Levan and Restivo;

4   and his Devereaux claims against defendants Levan, Reynolds, and Restivo.  (ECF Nos. 10 &

5   14).

6          As to Plaintiff's retaliation claim against defendant Levan, in the Court's screening

7   order the Court found as follows:

8              Plaintiff alleges that he is a litigious inmate, and that this is widely known
               amongst staff.  Plaintiff also alleges that he filed an administrative appeal
9              against defendant Levan, and grievances against her co-workers.  A few weeks
               before the incident, Plaintiff told defendant Levan that he needed to have his
10             liquid supplement renewed.  Defendant Levan told Plaintiff that she would help
               Plaintiff if he stopped filing paperwork against one of her co-workers.  Plaintiff
11             declined her help.  Defendant Levan later filed a false report against Plaintiff.
               The false allegations led to a loss of privileges, good time credits, and
12             eventually, criminal charges.  Liberally construing the allegations in the
               complaint, the Court finds that Plaintiff's retaliation claim against defendant
13             Levan should proceed past screening.

14

15   (ECF No. 10, p. 16; ECF No. 14, p. 4).

16         As to Plaintiff's retaliation claim against defendant Restivo, the Court found as follows:

17             As to defendant Restivo, Plaintiff alleges that he filed a 602 against her on May
               14, 2013.  This led to defendant Restivo's supervisor monitoring her on June 15,
18             2013.  On that same day defendant Restivo told Plaintiff to talk to her about any
               issues because she did not want her supervisor coming to the unit.
19             Approximately two weeks later, defendant Restivo allegedly falsely accused
               Plaintiff of indecent exposure.  Plaintiff was subjected to false disciplinary
20             reports and false criminal charges.  Liberally construing the allegations in the
               complaint, the Court finds that Plaintiff's retaliation claim against defendant
21             Restivo should proceed past screening.

22

23   (ECF No. 10, p. 17; ECF No. 14, p. 4).

24         As to Plaintiff's malicious prosecution claims against defendants Levan and Restivo,

25   the Court found as follows:

26             Plaintiff has sufficiently alleged that he was subjected to false criminal charges
               due to the false allegations made by defendants Levan and Restivo.  Plaintiff has
27             also sufficiently alleged that these false allegations were made in retaliation for
               Plaintiff exercising his First Amendment rights.  Finally, Plaintiff has alleged
28             that he was acquitted of the criminal charges.  Liberally construing the

3

1
2

> allegations in the complaint, the Court finds that Plaintiff's section 1983
> malicious prosecution claims against defendants Levan and Restivo should
> proceed past screening.

3

(ECF No. 10, p. 18; ECF No. 14, p. 4).

4

As to Plaintiff's <u>Devereaux</u> claims against defendants Levan, Reynolds, and Restivo,

5

the Court found as follows:

6
7
8
9
10

> Plaintiff brings a <u>Devereaux</u> claim against defendants Levan, Reynolds, and
> Restivo.  Plaintiff has sufficiently alleged that he was subjected to false
> disciplinary reports and false criminal charges due to the deliberately false
> allegations made by these defendants.  Plaintiff was subjected to penalties due to
> the false allegations, including loss of privileges and being forced to wear an
> exposure control jumpsuit.  Liberally construing the allegations in the complaint,
> the Court finds that Plaintiff's <u>Devereaux</u> claims against defendants Levan,
> Reynolds, and Restivo should proceed past screening.

11

(ECF No. 10, p. 19; ECF No. 14, p. 4).

12

All other claims and defendants were dismissed.  (ECF No. 14).

13

## III.      MOTION FOR SUMMARY JUDGMENT

14

### a.   <u>Defendant's Motion (ECF No. 36)</u>

15
16

Defendants filed a motion for summary judgment on December 10, 2021.  (ECF No. 36).

17
18
19

Defendants argue that they are entitled to summary judgment on the ground that "the undisputed facts establish that Plaintiff failed to completely exhaust an available administrative remedy with respect to the allegations asserted in this action."  (<u>Id.</u> at 1).

20
21
22
23

Defendants argue that, at the relevant time, there were generally available grievance processes that had three levels of review.  (ECF No. 36-1, pgs. 2-5).  "The third level review exhausts administrative remedies."  (<u>Id.</u> at 3 & 4).  Plaintiff was required to exhaust these remedies prior to filing suit.  (<u>Id.</u> at 7-8).

24
25
26
27
28

Defendants also argue that Plaintiff failed to exhaust his claims before he filed this suit. (<u>Id.</u> at 8).  Defendants argue that Plaintiff submitted "Health Care Appeal Tracking Number COR HC 13053746, alleging that Defendant Restivo (Badger) retaliated against him by issuing a false Rules Violation Report for indecent exposure."  (<u>Id.</u> at 5).  However, the appeal was rejected twice because it was missing supporting documents.  (<u>Id.</u>).  While Plaintiff was given

4

instructions on how to properly complete the appeal, he did not do so.  (Id.).

Defendants also initially argued that Plaintiff did not submit any appeals regarding the allegations in the complaint against defendants Levan or Reynolds.  (ECF No. 36-1, p. 1).  However, on January 21, 2022, Defendants filed a notice of errata, withdrawing their motion to the extent it asserts that Plaintiff failed to exhaust his claim that defendant Levan filed a false disciplinary report against Plaintiff on February 27, 2013, in retaliation for Plaintiff submitting a previous appeal.  (ECF No. 40).  Attached to the notice is an appeal submitted by Plaintiff with Log. No. COR SC 13001463, as well as the responses to the appeal.  (Id. at 4-11).

In support of their motion for summary judgment, Defendants submit among other things: the declaration of J. Mendez, the Grievance Coordinator at California State Prison, Corcoran; the declaration of Howard E. Moseley, the Associate Director of the Office of the Appeals; the declaration of R. Hart, the Chief (A) of the Health Care Correspondence and Appeals Branch; logs of appeals filed by Plaintiff; an appeal submitted by Plaintiff that was assigned Log No. SAC-17-00032, and the responses to the appeal; and an appeal submitted by Plaintiff that was assigned Log No. COR HC 13053746, and the rejection notices.

> b.  Plaintiff's Opposition (ECF No. 45)

Plaintiff filed his opposition on March 17, 2022.  (ECF No. 45).  In his opposition, Plaintiff argues that he properly exhausted the administrative remedies as to all claims.

Plaintiff alleges that he exhausted his claims stemming from defendant Restivo's false accusation of indecent exposure.  (ECF No. 45, p. 2).  Plaintiff also alleges that Defendants conceded that he exhausted his claims stemming from defendant Levan's false accusation of indecent exposure.  (Id.).

Plaintiff argues that while he did not specifically accuse these defendants of malicious prosecution, the law does not require Plaintiff to set forth specific legal theories.  (Id. at 2-3).  His appeals put the prison staff on notice of what happened, and that is sufficient.  (Id. at 3).

Plaintiff also argues that under applicable law he was not required to name defendant Reynolds in his appeal to exhaust his claim against defendant Reynolds.  (Id. at 3-4).

In support of his opposition, Plaintiff submits an appeal he submitted that was assigned

1  Log No. COR SC 13001539, as well as the responses to the appeal.

2      c.   Defendants' Reply (ECF No. 46)

3          Defendants filed their reply on March 28, 2022.  (ECF No. 46).  In their reply,

4  Defendants concede that Plaintiff also properly exhausted his retaliation claim against

5  defendant Restivo.[4]  (ECF No. 46, p. 1).  However, Defendants argue that Plaintiff was

6  required to identify defendant Reynolds in the grievance.  (Id. at 2).  As Plaintiff did not

7  identify defendant Reynolds or allege that he was unaware of defendant Reynolds' identity,

8  Plaintiff failed to exhaust his claim against defendant Reynolds.  (Id.).

9          As to Plaintiff's malicious prosecution claim, Defendants argue that the appeal

10 concerning the June 30, 2013 Rules Violation Report ("RVR") did not provide Plaintiff's

11 institution of confinement with adequate notice of the problem or allow it to facilitate a

12 solution, because Plaintiff "did not allege either that criminal charges had been filed or that the

13 criminal charges had been terminated in Plaintiff's favor, which are essential elements of a

14 section 1983 malicious prosecution claim."  (Id. at 3).  "Since Plaintiff failed to submit an

15 appeal concerning the malicious prosecution claim, this claim should be dismissed…."  (Id.).

16 **IV.   DISCUSSION**

17     a.   Legal Standards for Summary Judgment

18         Summary judgment in favor of a party is appropriate when there "is no genuine dispute

19 as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

20 P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there

21 is a genuine dispute about material facts, summary judgment will not be granted.").  A party

22 asserting that a fact cannot be disputed must support the assertion by "citing to particular parts

23 of materials in the record, including depositions, documents, electronically stored information,

24 affidavits or declarations, stipulations (including those made for purposes of the motion only),

---

[4] Defendants state that Plaintiff exhausted his "claims" against defendant Levan and defendant Restivo (ECF No. 46, p. 1), but later argue that Plaintiff did not properly exhaust his malicious prosecution claim (id. at 3). Thus, Defendants do not actually admit that Plaintiff exhausted all of his claims against defendant Restivo or against defendant Levan.  It is unclear if Defendants admit that Plaintiff exhausted his Devereaux claims against defendants Levan and Restivo.

admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322.  Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted).  Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255.

In a summary judgment motion for failure to exhaust, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is

7

something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. However, "the ultimate burden of proof remains with the defendant." Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

b.  Legal Standards for Exhaustion of Administrative Remedies

At the relevant time, "[t]he California prison grievance system ha[d] three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (repealed June 1, 2020) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent.  The third level of review exhausts administrative remedies….") (repealed June 1, 2020).

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).  The exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint."  Booth v. Churner, 532 U.S. 731, 736, 741 (2001); see also Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016).

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.  The grievance need not include legal terminology or legal theories,

because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.  The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." Reyes, 810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a).  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

c.   Undisputed Facts

The relevant facts are undisputed:

- There was a generally available administrative remedy.  Defendants' Statement of Undisputed Fact 5, 9, & 13.

- Plaintiff submitted an appeal that was assigned Log. No. COR SC 13001463. (ECF No. 40, pgs. 9-11).

- In the appeal assigned Log No. COR SC 13001463., Plaintiff stated:

> LVN Levans wrote me a false retaliatory RVR for indescent exposure on 02/25/13.  I had a previous 602 about her having my noon medication discontinued because she didn't want to do noon rounds.  Furthermore, I have filed 602's and complaints against several of her LVN co-workers of which she is aware. Including LVN Gonzalez, LVN Bertram, LVN Brown, LVN Gray, LVN Ballesteros, etc.  Furthermore, after false allegation at morning med pass 2/25/13, she did not give me my psychiatric medication for 5 times in a row.  On the afternoon, the evening and night of 2/25/13 and on the morning and afternoon of 2/26/13.  She also did not give me my medication on morning and afternoon of 2/27/13.  On 2/27/13 I put in a healthcare request form.  Subsequently, Psychiatrist Depovic seen me and threatened to take me off my medication for all these refusals; however, she also had before her my healthcare request.  It is apparent Levans lied about me refusing my medication from my history.  I've never had this many refusals and that they occurred after on 2/25/13 is telling.  Furthermore, Levan didn't bring my meds on 2/14/13, 2/21/13 and 2/28/13 while I was at library.

(ECF No. 40, pgs. 9 & 11) (errors in original).

- The appeal assigned Log No. COR SC 13001463 received a decision from the

9

third and final level before Plaintiff filed this action, thus exhausting the claims based on the allegations in the appeal.  (ECF No. 40, pgs. 4-5).

- Plaintiff submitted an appeal that was assigned Log No. COR SC 13001539. (ECF No. 45, pgs. 11-14).

- In the appeal assigned Log No. COR SC 13001539, Plaintiff stated:

> On 6/30/13 the LVN Cisueas or something (I don't know her name)[5] on 2nd watch wrote me a false retaliatory RVR for indescent exposure.  I have not received it yet but I.E.X. security precautions have already been applied to me.  I know it is false because I never exposed myself to her.  Sgt. Molina told me she said I called her name on yard and then started masturbating.  I don't even know her name as demonstrated in a previous appeal. This is retaliation for previous appeal (Cor-HC-13053321).  That appeal concerned the none delivery of my medication while in library.  I was interviewed for that appeal on 6/14/13 by SRN II Garnett.  On 6/15/13, SRN II Garnett conducted the morning round with this LVN and presumably gave her some in-service training.  On 6/18/13, this LVN delivered by medication to the library but put undue pressure on me and urged that I withdraw my 602 which I did.  Then [] after she manipulated me into withdrawing my appeal she retaliated against me with this false retaliatory RVR for indescent exposure.

(ECF No. 45, pgs. 11 & 13) (errors in original).

- The appeal assigned Log No. COR SC 13001539 received a decision from the third and final level before Plaintiff filed this action, thus exhausting the claims based on the allegations in the appeal.  (ECF No. 45, pgs. 6-7).

d. <u>Analysis</u>

i. *Plaintiff's Retaliation Claims Against Defendants Levan and Restivo*

As to Plaintiff's retaliation claims against defendants Levan and Restivo, Defendants now admit that Plaintiff properly exhausted these claims.  (ECF No. 40, pgs. 1-2; ECF No. 46, p. 1).  Accordingly, to the extent that the motion for summary judgment has not been withdrawn as to Plaintiff's retaliation claims against defendants Levan and Restivo, the Court will recommend that it be denied.

---

[5] The LVN was identified as defendant Restivo, as noted in the Third Level response to this appeal.  (<u>See</u> ECF No. 45, p. 6).

ii.  *Plaintiff's <u>Devereaux</u> claims and Section 1983 Malicious Prosecution Claims Against Defendants Levan and Restivo*

The Court next turns to Plaintiff's <u>Devereaux</u> claims and section 1983 malicious prosecution claims against defendants Levan and Restivo.[6]

The Court allowed the malicious prosecution claims to proceed, noting that "Plaintiff has sufficiently alleged that he was subjected to false criminal charges due to the false allegations made by defendants Levan and Restivo."  (ECF No. 10, p. 18; ECF No. 14, p. 4).  The Court allowed the <u>Devereaux</u> claims to proceed because "Plaintiff has sufficiently alleged that he was subjected to false disciplinary reports and false criminal charges due to the deliberately false allegations made by these defendants."  (ECF No. 10, p. 19; ECF No. 14, p. 4).

The gravamen of each claim is that defendant Levan and defendant Restivo made false indecent exposure allegations against Plaintiff.  Plaintiff alleges that the false allegations were made to retaliate against him for filing appeals.  Plaintiff also alleges that these retaliatory and false allegations are what led to the criminal prosecution and other negative consequences.  And, it is undisputed that Plaintiff filed appeals related to the allegedly retaliatory and false indecent exposure allegations.  It is also undisputed that these appeals were properly exhausted.  Thus, the appeals contained the relevant allegations against defendants Levan and Restivo, and Plaintiff properly exhausted administrative remedies as to these claims.

The fact that Plaintiff's appeals do not list facts supporting each element of a malicious prosecution claim or a <u>Devereaux</u> claim does not change the analysis.  "Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.  The grievance need not include legal terminology or legal theories, because [t]he primary

---

[6] Based on their reply, it is not clear if Defendants admit that Plaintiff exhausted his <u>Devereaux</u> claims against defendants Levan and Restivo.  As discussed above, in their reply, Defendants state that Plaintiff exhausted his "claims" against defendant Levan and defendant Restivo (ECF No. 46, p. 1), but later argue that Plaintiff did not properly exhaust his malicious prosecution claim (<u>id.</u> at 3).  There is no mention of Plaintiff's <u>Devereaux</u> claims against defendants Levan and Restivo in Defendants' reply.  As it is not clear if Defendants admit that Plaintiff exhausted his <u>Devereaux</u> claims against defendants Levan and Restivo, the Court will not treat this as admitted.

1   purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay

2   groundwork for litigation.  The grievance process is only required to alert prison officials to a

3   problem, not to provide personal notice to a particular official that he may be sued." <u>Reyes</u>,

4   810 F.3d at 659 (alteration in original) (citations and internal quotation marks omitted).  And

5   here, Plaintiff did alert the prison to the nature of the wrong: the allegedly false and retaliatory

6   indecent exposure allegations made by defendants Levan and Restivo.

7        <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1120 (9th Cir. 2009), on which Defendants rely, is

8   distinguishable.  In <u>Griffin</u>, the plaintiff requested a ladder in his grievances so that he could

9   access the top bunk.  <u>Id.</u> at 1119.  It appears that he then brought a claim based on staff

10  disregarding his lower bunk assignment.  <u>Id.</u> at 1121.  The claim was dismissed for failure to

11  exhaust because the plaintiff "did not provide notice of the prison staff's alleged disregard of

12  his lower bunk assignments.  The officials responding to his grievance reasonably concluded

13  that the nurse's order for a lower bunk assignment solved Griffin's problem.  Rather than

14  clarifying the situation, Griffin repeatedly demanded a ladder.  His grievance did not provide

15  enough information ... to allow prison officials to take appropriate responsive measures." (<u>Id.</u>)

16  (alteration in original) (citation and internal quotation marks omitted).  Here, in contrast,

17  Plaintiff did provide notice of the staff's misconduct: the allegedly false and retaliatory

18  indecent exposure allegations made by defendants Levan and Restivo.

19       Defendants also rely on <u>Artis v. Valls</u>, 2012 WL 4380921, at *5 (N.D.N.Y. Sept. 25,

20  2012), for the proposition that "an inmate must exhaust malicious prosecution claims prior to

21  filing suit." (ECF No. 46, p. 3).  First, this is an out of circuit district court case, and has

22  minimal persuasive value here.  Second, the Court agrees with the proposition that Plaintiff was

23  required to exhaust his malicious prosecution claims, and the Court finds that he has.

24       Based on the foregoing, the Court finds that Plaintiff exhausted his <u>Devereaux</u> claims

25  and malicious prosecution claims against defendants Levan and Restivo.  Thus, the Court will

26  recommend that Defendants' motion be denied as to these claims.

27  \\\

28  \\\

12

iii.  *Plaintiff's <u>Devereaux</u> Claim Against Defendant Reynolds*

Finally, the Court turns to Plaintiff's <u>Devereaux</u> claim against defendant Reynolds.  The Court finds that Plaintiff failed to exhaust this claim because it is undisputed that there was a generally available administrative remedy and that Plaintiff did not file an appeal regarding the allegations supporting this claim.

Plaintiff argues that the appeal(s) he submitted (which are listed above) were sufficient to exhaust this claim.  However, neither of those appeals mention defendant Reynolds, nor is there any indication that other unnamed individuals were involved in the alleged misconduct. Additionally, in his complaint, Plaintiff does not allege that defendant Reynolds issued a false RVR.  Instead, according to Plaintiff, defendant Reynolds authored a false crime/incident report.  (ECF No. 1, p. 15).  Neither appeal mentions an allegedly false crime/incident report. Thus, neither defendant Reynolds nor his conduct are mentioned in either appeal.  Accordingly, neither appeal was sufficient to alert the prison to a problem regarding the conduct of defendant Reynolds.

As there was a generally available administrative remedy which Plaintiff did not utilize as to the allegations supporting his <u>Devereaux</u> claim against defendant Reynolds, Defendants are entitled to summary judgment on this claim.

**V.      CONCLUSION AND RECOMMENDATIONS**

The Court finds that Defendants' motion should be granted in part and denied in part. As to Plaintiff's retaliation claims against defendants Levan and Restivo, the Court will recommend that the motion be denied (to the extent it was not withdrawn) because Defendants now admit that Plaintiff exhausted these claims.  As to Plaintiff's section 1983 malicious prosecution claims and <u>Devereaux</u> claims against defendants Levan and Restivo, the Court will recommend that the motion be denied because Plaintiff properly exhausted these claims. Finally, as to Plaintiff's <u>Devereaux</u> claim against defendant Reynolds, the Court will recommend that the motion be granted because neither appeal filed by Plaintiff was sufficient to alert the prison to a problem regarding the conduct of defendant Reynolds.

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted in part and denied in part;

2. Defendants' motion be denied (to the extent it was not withdrawn) as to Plaintiff's retaliation claims against defendants Levan and Restivo;

3. Defendants' motion be denied as to Plaintiff's section 1983 malicious prosecution claims and <u>Devereaux</u> claims against defendants Levan and Restivo;

4. Defendants' motion be granted as to Plaintiff's <u>Devereaux</u> claim against defendant Reynolds; and

5. Defendants Reynolds be dismissed from this action, without prejudice, because Plaintiff failed to exhaust his available administrative remedies as to his claim against defendant Reynolds.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 14, 2022**                           /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

14