UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>A. RESTIVO, et al.,<br><br>            Defendants. | Case No.: 1:20-cv-0797 JLT EPG (PC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 36, 49) |

Devonte Harris is a state prisoner and asserts his civil rights were violated 42 U.S.C. § 1983. He seeks to hold defendants Levan and Restivo liable for retaliation and malicious prosecution; and states *Devereaux* claims against Levan, Reynolds, and Restivo.[1] (*See* Docs. 1, 14.) Defendants filed a motion for summary judgment, asserting Plaintiff failed to properly exhaust available administrative remedies as to all claims. (Doc. 36.) However, Defendants later filed a notice of errata, withdrawing the motion to the extent they asserted Plaintiff failed to exhaust his claim that Levan filed a false disciplinary report in retaliation against Plaintiff. (Doc. 40.) In addition, Defendants conceded Plaintiff properly exhausted his retaliation claim against Restivo in their reply brief related to the motion. (Doc. 46 at 1.)

---

[1] Defendants report Levan and Restivo have changed their last names. (Doc. 26 at 1.) Defendants assert Levan's last name is now James, and Restivo's last name is now Badger. (*Id.*) Because the complaint and screening order referred to the defendants with their prior names, the Court continued to refer to the defendants as Levan and Restivo for the sake of continuity. (*See* Doc. 49 at 1, n.1.)

1

On April 15, 2022, the assigned magistrate judge entered Findings and Recommendations. (Doc. 49.)  The magistrate judge noted that after filing the motion, Defendants acknowledged Plaintiff properly exhausted his claims for retaliation and—to the extent the motion for summary judgment was not withdrawn related to those claims—the magistrate judge recommended it be denied.  (*Id.* at 10.) The magistrate judge also found "Plaintiff exhausted his *Devereaux* claims and malicious prosecution claims against defendants Levan and Restivo," because Plaintiff alerted the prison to the alleged retaliatory and false allegations and exhausted the administrative remedies. (*Id.* at 11-12.)  Therefore, the magistrate judge recommended denial of motion related to these claims as well. On the other hand, the magistrate judge found Plaintiff failed to exhaust his *Devereaux* claim against Reynolds. (*Id.* at 13.) The magistrate judge noted the appeals forms identified by Plaintiff did not mention Reynolds or his alleged conduct.  (*Id.*)  Because Plaintiff did not utilize the "generally available administrative remedy" related to the *Devereaux* claim against Reynolds, the magistrate judge recommended the motion be granted on this claim.  (*Id.*)

The parties were granted 21 days to file objections to the Findings and Recommendations. (Doc. 49 at 14.)  In addition, the parties were advised the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  To date, no party has filed objections or otherwise responded to the Findings and Recommendations, and the deadline to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge's Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 15, 2022 (Doc. 49), are adopted.
2. Defendants' motion for summary judgment is granted in part and denied in part.
3. Defendants' motion is **DENIED** as to Plaintiff's retaliation claims against defendants Levan and Restivo.
4. Defendants' motion is **DENIED** as to Plaintiff's section 1983 malicious prosecution claims and *Devereaux* claims against defendants Levan and Restivo.

2

5. Defendants' motion is **GRANTED** as to Plaintiff's *Devereaux* claim against defendant Reynolds.

6. The *Devereaux* claim against Reynolds is **DISMISSED** from this action without prejudice due to Plaintiff's failure to exhaust his available administrative remedies.

7. The Clerk of Court is directed to update the docket and terminate Reynolds as a defendant in this action.

IT IS SO ORDERED.

Dated: **June 3, 2022**



UNITED STATES DISTRICT JUDGE