**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>                    Plaintiff,<br><br>         v.<br><br>A. RESTIVO, et al.,<br><br>                    Defendants. | No. 1:20-cv-00797-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 50, 54) |

Devonte Harris is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's retaliation claims against defendants Levan and Restivo; his section 1983 malicious prosecution claims against defendants Levan and Restivo; and his *Devereaux* claims against defendants Levan and Restivo.[1]  (Docs. 1, 14, & 51.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 13, 2022, Defendants filed a motion for summary judgment "on the grounds that the undisputed facts establish that the First Amendment retaliation and *Deveraux* due process claims are barred by the statute of limitations, and Plaintiff cannot establish a lack of probable

---

[1] Based on Defendants' filings, defendants Levan and Restivo have changed their last names. Defendant Levan's last name is now James, and defendant Restivo's last name is now Badger.  (*See, e.g.*, Doc. 26 at 1.)  Given that Plaintiff's complaint, the Court's screening order, and the docket refer to these defendants as Levan and Restivo, in the interest of continuity, at this time the Court will continue to refer to these defendants as Levan and Restivo.

1

cause to file criminal charges, which is an essential element of a malicious prosecution claim." (Doc. 50 at 2.)[2]

On October 17, 2022, the assigned magistrate judge entered findings and recommendations, recommending that:

> 1. Defendants' motion for summary judgment (ECF No. 50) be granted in part and denied in part;
> 2. Plaintiff's retaliation claims and *Deveraux* claims against defendants Levan and Restivo be dismissed with prejudice as barred by the statute of limitations; and
> 3. Defendants' motion for summary judgment be denied as to Plaintiff's section 1983 malicious prosecution claims against defendants Levan and Restivo.

(Doc. 54 at 14–15.)

The Court granted the parties the opportunity to file objections to the findings and recommendations. Defendants filed their objections on November 7, 2022. (Doc. 55.) Plaintiff did not object to the findings and recommendations or file a response to defendants' objections.

Defendants' object to the recommendation to deny their motion for summary judgment on the malicious prosecution claim, arguing that Plaintiff failed to present evidence that "Defendants' false accusations affected the prosecutor's independent judgment." (Doc. 55 at 2 ("Plaintiff presents no evidence how the District Attorney reached the decision to assert criminal charges and so fails to establish that the charges were based solely on false statements by Defendants.").) However, Defendants' objections ignore that, according to their own statement of undisputed fact, Plaintiff was charged by the District Attorney with multiple counts of indecent exposure because of the reports filed by Defendants. (Doc. 50-2, ¶ 9.) For purposes of summary judgment, Plaintiff was entitled to rely on the *undisputed* fact that the District Attorney charged Plaintiff *because of* the reports (which Plaintiff alleges were false). Defendants' argument that Plaintiff was required to produce additional evidence is therefore misplaced. According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

---

[2] As defendant Reynolds has already been dismissed from this action, the Court will not address the arguments made by defendant Reynolds in the pending motion for summary judgment.

1. The findings and recommendations issued on October 17, 2022, (Doc. 54), are **ADOPTED IN FULL**.
2. Defendants' motion for summary judgment (Doc. 50) is **GRANTED IN PART AND DENIED IN PART**.
3. Plaintiff's retaliation claims and *Deveraux* claims against defendants Levan and Restivo are **DISMISSED WITH PREJUDICE** as barred by the statute of limitations.
4. Defendants' motion for summary judgment is **DENIED** as to Plaintiff's section 1983 malicious prosecution claims against defendants Levan and Restivo.

IT IS SO ORDERED.

Dated:   **December 19, 2022**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE